IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RICARDO CEBALLOS,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,[1]<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. EP-13-CV-381-ATB<br>(by consent) |

## **MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

### I.  PROCEDURAL HISTORY

On April 7, 2011, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of March 12, 2010. (R. 122, 129). His applications were denied initially and denied upon

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

No. EP-13-CV-381-ATB                         1

reconsideration. (R. 48, 60). Plaintiff filed a request for a hearing, which was held on May 30, 2012. (R. 23-43, 66). The Administrative Law Judge ("ALJ") issued a decision on July 9, 2012, denying benefits. (R. 11-18). Subsequently, the Appeals Council denied review. (R. 1-3).

## II.   ISSUE

Plaintiff presents the following issue for review:

1. Whether the ALJ's finding that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform is supported by substantial evidence. (Pl.'s Br. 2, ECF No. 21).

Plaintiff contends that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence because Plaintiff is unable to perform the standing/walking requirements of light work.[2] (*Id.* at 4-6). Specifically, Plaintiff claims that he cannot stand and/or walk for approximately six hours in an eight hour workday as required by the full range of light work and, therefore, he can only perform sedentary work.[3] (*Id.* at 5-6). Additionally, Plaintiff argues that the ALJ's determination at step five, that Plaintiff could perform other work,

---

[2] 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."). Additionally, SSR 83-10 states, "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

[3] 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."). Additionally, SSR 83-10 states, "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday."

is not supported by substantial evidence because the vocational expert's ("VE") testimony conflicts with the Dictionary of Occupational Titles ("DOT"). (*Id.* at 6-8). Plaintiff argues that a conflict exists because the jobs the VE identified are considered light work and, thus, require at least six hours of standing and/or walking. (*Id.* at 7, citing SSR 83-10). Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. (*Id.* at 8).

### III.   DISCUSSION

**A.   Standard of Review**

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citation omitted). "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'" *Masterson*, 309 F.3d at 272 (citation omitted). The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* (citation omitted). A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272 (citation omitted). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.* (citation omitted); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

**B.     Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work.  20 C.F.R. § 404.1520.  The claimant bears the burden of proof at the first four steps of the analysis.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  Once the claimant meets that burden, it shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989) (per curiam).

In the present case, the ALJ found that Plaintiff had the following severe impairments: status post left tibiofibular and ankle fractures with residuals. (R. 13).  The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the listed impairments. (R. 13).  In doing so, the ALJ relied on the opinions of state agency physicians who also found that Plaintiff's impairments did not meet or medically equal the listed impairments. (R. 13-14).  After considering the entire record, the ALJ determined that Plaintiff retained the RFC to perform light work, limited insofar as he

> can lift up to 20 pounds occasionally and up to 10 pounds frequently; stand and or walk for up to 5 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; push and or pull in accordance with the lifting restrictions; can occasionally climb ramps, stairs, ladders, and scaffolds; can occasionally balance; and can frequently stoop, kneel, crouch, and crawl.  Further, [Plaintiff] should avoid concentrated exposure to extreme cold.

(R. 14). The ALJ determined that Plaintiff was unable to perform his past relevant work. (R. 16). After considering Plaintiff's RFC, age, education, and work experience, in conjunction with the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, and based on the testimony of the VE, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform. (R. 16-18). Specifically, the ALJ concluded that Plaintiff could perform the jobs of shipping and receiving weigher, parking lot attendant, and hand cleaner and polisher. (R. 17). Consequently, the ALJ found that Plaintiff was not disabled through the date of the decision. (R. 18).

C.  **The ALJ's Determination of Plaintiff's Residual Functional Capacity**

Plaintiff contends that he is unable to perform the standing/walking requirements of light work. (Pl.'s Br. 4-6, ECF No. 21). He argues that the full range of light work requires six hours of standing and/or walking, which is unsupported by the record, and, therefore, the ALJ's RFC determination is tainted. (*Id.*) Plaintiff further argues that the ALJ's allegedly faulty RFC determination taints the remaining steps of the sequential evaluation process. (*Id.* at 6).

Residual functional capacity ("RFC") is the most an individual can still do despite his or her limitations. 20 C.F.R. §404.1545; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his or her physical and mental limitations. *Martinez*, 64 F.3d at 176. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (per curiam). The ALJ is not required to incorporate limitations in

the RFC that he or she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his or her impairments. *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c). A medically determinable impairment must be established by acceptable medical sources. 20 C.F.R. § 404.1513(a). Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

**D.     Analysis**

### 1. The ALJ's Residual Functional Capacity Determination is Supported by Substantial Evidence

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and results from legal error. (Pl.'s Br. 2, ECF No. 21). Plaintiff argues that the ALJ should have limited Plaintiff to sedentary work because he is unable to stand and/or walk for at least six hours in an eight hour workday as required by light work. (*Id.* at 5, citing SSR 83-10). Plaintiff further argues that the ALJ's RFC determination meets all of the strength demands of sedentary work. (*Id.* at 6). Plaintiff maintains that the ALJ's allegedly faulty RFC determination taints the remaining steps of the sequential evaluation process. (*Id.* at 6).

The Commissioner responds by arguing that Plaintiff's argument is meritless because a full range of light work requires standing and/or walking for approximately six hours in an eight hour workday, however, the ALJ limited Plaintiff to a reduced range of light work. (Def.'s Br. 5, ECF No. 22). More specifically, the ALJ limited Plaintiff to standing and/or walking for up to five hours in an eight hour workday. (*Id.*, citing R. 14). The Commissioner also contends that the ALJ appropriately incorporated this limitation into his hypothetical question to the VE. (*Id.*)

No. EP-13-CV-381-ATB                                        6

The Court finds that Plaintiff's contentions are without merit. In order to perform the full range of light work, an individual "must have the ability to do substantially all of [the] activities [required]." 20 C.F.R. § 404.1567(b); *see also* SSR 83-10. The ALJ, however, did not find that Plaintiff could perform the full range of light work but found that Plaintiff was limited in his ability to perform light work by, among other things, the ability to stand and/or walk for up to five hours in an eight hour workday. (R. 14). Plaintiff's inability to perform the full range of light work does not mean that he must be limited to sedentary work. *See Conaway v. Astrue*, No. 3-07-CV-0906-BD, 2008 WL 4865549, at *4 (N.D. Tex. Nov. 10, 2008). "Indeed, the social security regulations specifically contemplate a situation where residual functional capacity may be 'somewhere in the middle' in terms of the regulatory criteria for exertional ranges of work." *Id.* (citing SSR 83-12). When such a situation exists, the ALJ, as he did in this case, should consult with a VE to determine how Plaintiff's limitations effect the range of work provided for in the ALJ's RFC determination and whether Plaintiff can perform other work that exists in significant numbers in the economy. *See id.* (citation omitted). Therefore, the Court finds that the ALJ did not err in his RFC determination.

2. **The ALJ's Finding That Plaintiff Can Perform Other Work is Supported by Substantial Evidence**

Plaintiff contends that the ALJ committed reversible error by relying on VE testimony that conflicted with the DOT. (Pl.'s Br. 6-8, ECF No. 21). Although the ALJ found that Plaintiff could stand and/or walk for five hours in an eight hour workday, Plaintiff argues that he is unable to perform the jobs identified by the VE because they would require six hours of standing and/or

walking in an eight hour workday.[4] (*Id.* at 7-8). Plaintiff further argues that Social Security Ruling ("SSR") 00-4p requires the ALJ to elicit a reasonable explanation for conflicts existing between a VE's testimony and the information provided in the DOT. (*Id.*) SSR 00-4p requires that when the vocational evidence is inconsistent with the information in the DOT, the ALJ must resolve the conflict before relying on the VE evidence to support a determination that the individual is or is not disabled. (*Id.* at 7). Therefore, Plaintiff argues that the ALJ erred in concluding that no conflict exists between the VE's testimony regarding the jobs compatible with Plaintiff's limitations and the standing/walking requirements of those jobs as stated in the DOT. (*Id.*)

The Court disagrees with Plaintiff and finds that his contentions are without merit. SSR 00-4p states that occupational testimony provided by a VE should generally be consistent with that of the DOT. At the hearing level, the ALJ should inquire whether or not there is consistency between the VE evidence and the DOT. SSR 00-4p.

In this case, the VE's testimony was that Plaintiff could perform the jobs of shipping and receiving weigher, parking lot attendant, and hand cleaner and polisher given a hypothetical question which included a limitation for standing and/or walking for five hours in an eight hour workday. (R. 38-39). The ALJ complied with his obligation under SSR 00-4p by asking the VE whether her testimony would be consistent with the DOT. (R. 37). Her answer was unequivocally in the affirmative. (R. 37). Since Plaintiff's counsel failed to inquire further into this issue, there was no apparent unresolved conflict between the VE evidence and the DOT.

---

[4] Plaintiff indicates that the VE stated that Plaintiff could perform the jobs of shipping and receiving weigher, hand cleaner and polisher, and small product assembler. (Pl.'s Br. 7, ECF No. 21). The ALJ's opinion clearly states that Plaintiff could perform the job of parking lot attendant and there is no finding that Plaintiff could perform the job of small product assembler. (R. 17). The Court notes that the analysis would not change had the ALJ found that Plaintiff could perform the job of small product assembler instead of parking lot attendant.

Moreover, the ALJ concluded that the VE's testimony was consistent with the information contained in the DOT. (R. 18). Therefore, the Court finds that the ALJ met his obligations under SSR 00-4p.

This is not a case involving a direct or obvious conflict between the VE's testimony and the DOT such as when the VE's characterization of the exertional or skill level required for a particular job is different from the exertional or skill level provided in the DOT. No other similar conflict exists in this case. At most, Plaintiff's argument relates to an implied conflict between the VE's testimony and the DOT. Nothing in the DOT's job descriptions for shipping and receiving weigher, parking lot attendant, and hand cleaner and polisher indicate that six hours of standing and/or walking are required to perform the job. DOT 222.387-074, 1991 WL 672108; DOT 915.473-010, 1991 WL 687865; DOT 709.687-010, 1991 WL 679134. Moreover, the ALJ specifically asked the VE if Plaintiff could perform these jobs "with the restriction of standing and walking only five hours a day." (R. 40). Again, the VE's answer was unequivocally in the affirmative. (R. 40).

In a case where a claimant suffers from additional limitations that make the Medical Vocational Guidelines inapplicable, the Commissioner must rely upon the services of a VE or other similar evidence. *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). That is, in fact, what took place in this case and led to the ALJ's conclusion at step five. The Court declines to reverse the Commissioner's determination on the basis of an implied conflict between the VE's testimony and the DOT.

In the alternative, Plaintiff should not be allowed to scan the record for implied or unexplained conflicts between the precise testimony of the VE and the voluminous provisions of the DOT and then present that conflict as reversible error, when the conflict was not deemed

sufficient to merit cross-examination during the hearing before the ALJ. *Carey*, 230 F.3d at 146-47. Plaintiff's counsel had a full opportunity to cross-examine the VE on the effects of Plaintiff's limitation on his ability to perform the jobs of shipping and receiving weigher, parking lot attendant, and hand cleaner and polisher. (R. 40-42). Plaintiff's counsel only asked the VE whether the jobs identified would require Plaintiff to stand more than five hours in an eight hour workday and the VE stated that Plaintiff would be able to sit and stand. (R. 41). Plaintiff's counsel failed to pursue the nature and extent of any purported conflict between the VE's testimony and DOT job requirements at that time given the hypothetical posed by the ALJ and the VE's responses. The principle enunciated in *Carey* controls in this case and bars Plaintiff from obtaining the relief he seeks.

A review of the record supports the ALJ's findings and RFC determination. Consequently, the Court finds that substantial evidence supports the ALJ's RFC determination. Moreover, the VE's testimony constitutes substantial evidence that Plaintiff is capable of performing other work. Finally, the Court adjudges that no reversible error was committed by the ALJ, and that no award of benefits is warranted.

### IV. CONCLUSION

Based on the foregoing, the Court **HEREBY ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** this 3rd day of February, 2015.

**ANNE BERTON**
**U.S. MAGISTRATE JUDGE**